PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. SMITH | ) | CASE NO. 1:08 CV 1010 |
| Petitioner, | ) | |
| | ) | JUDGE POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| | ) | |
| STUART HUDSON, Warden, | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

### Introduction

Before the Court are Petitioner Michael S. Smith's ("Petitioner") three (3) motions: (1) Motion for Stay and Abeyance, ECF No. 4, (2) Motion to Amend/Supplement the Record, ECF No. 19, and (3) Motion to Extend the Record, ECF No. 19. Based upon the record before it and applicable law, the Court denies the Motion for Stay and Abeyance and grants both the Motion to Amend/Supplement the Record and Motion to Extend the Record.

### I. Relevant Factual and Procedural History

On April 18, 2008, Petitioner sought relief pursuant to a filing under Title 28, United States Code, Section 2254. ECF No. 1. On May 12, 2008, Petitioner filed a motion to stay and hold in abeyance his petition for writ of habeas corpus. ECF No. 4. Respondent filed his Return of Writ and Response to the Motion for Stay and Abeyance on August 7, 2008. ECF Nos. 10,

11, respectively. Additionally, Respondent filed the Findings of Fact and Conclusions of Law of the Cuyahoga County Court of Common Pleas regarding Petitioner's state petition for post-conviction relief on October 16, 2008. ECF No. 14.

On November 4, 2008, this Court ordered Petitioner to respond to the Return of Writ in the form of a Traverse and to provide his offered support for his Motion for Stay and Abeyance by December 1, 2008. ECF No. 12. Petitioner complied and the Court received Petitioner's response to the Return of Writ on December 5, 2008. ECF No. 20. On the same date, Petitioner also filed the aforementioned Motion to Amend/Supplement the Record and the Motion to Extend the Record. ECF No. 19.

## II. Law and Analysis

### A. Petitioner's Motion to Amend/Supplement the Record

Title 28 U.S.C. Section 2242 of the Judicial Code provides that a habeas corpus application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Rule 81(a)(4) of the Federal Rules of Civil Procedure provides that the civil rules "apply to proceedings for habeas corpus . . . ." Fed. R. Civ. P. 81(a)(4). Thus, the liberal standards of Rule 15 apply and allow amendment of a petition. *See* Mayle v. Felix, 545 U.S. 644, 655 (2005) ("The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)[(4)], and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding." (*citing* Fed. R. Civ. P. 15(a))).

Petitioner requests, pursuant to Rule 15, to amend his petition by withdrawing claim Nos. 1, 4, 7, 8, 9, and 10 of Ground Three, which (as originally filed) consisted of a total of eleven

(11) claims. Petitioner submits that he maintains the arguments of the remaining claims of Ground Three (claim Nos. 2, 3, 5, 6, and 11). Respondent has not filed a responsive pleading regarding this motion.

Pursuant to the liberal standards of Rule 15, the Court grants Petitioner's motion to amend his petition to withdraw the above mentioned claims. Accordingly, the Court will not considered claim Nos. 1, 4, 7, 8, 9, and 10 of Ground Three presented in Smith's petition for a writ of habeas corpus.

### B. Motion to Extend the Record

Petitioner requests, pursuant to Rule 7 of the Federal Rules of Civil Procedure, to extend the record by submitting carbon copies of alleged correspondence (totaling seven (7) letters) between Petitioner and his appellate counsel. Petitioner contends the correspondence supports his argument of ineffective assistance of appellate counsel, which is Ground Four of the petition. Respondent has not filed a responsive pleading regarding this motion.

In light of Rule 81(a)(4) of the Federal rules of Civil Procedure mentioned above, the Court will grant Petitioner's motion to extend the record. The Court will assess the significance and relevance of the correspondence added to the record and resolve any evidentiary issues regarding the correspondence when the Court reviews the petition prior to issuing its Report and Recommendation.

### C. Motion to Hold and Stay in Abeyance

A court has the discretion to grant a stay and hold the federal proceedings in abeyance pending the exhaustion of the still unexhausted claims of a habeas petition if the petition also contains exhausted claims, *i.e.*, a mixed petition. *See Rhines v. Weber*, 544 U.S. 269 (2005).

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S .C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509 (1982). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). If relief is no longer available in state court, however, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts ." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

Petitioner requests that the Court grant a stay and hold his petition in abeyance until he has fully exhausted his remaining claims (2, 3, 5, 6, and 11) contained in Ground Three. Petitioner pursued those claims in a state post-conviction petition filed on June 2, 2006 that was denied on February 12, 2007. *See* ECF No. 22, Ex. 4 at 16-17 (Petitioner's state court docket case# CR-05-469626-B).

At the time Petitioner filed his Motion for Stay and Abeyance, the state court that denied his post-conviction petition did not issue Findings of Facts and Conclusions of Law. That Court has since issued those findings on October 7, 2008. ECF No. 22, Ex. 4 at 18. As a result, Petitioner, acting *pro se*, filed a notice of appeal on November 14, 2008. ECF No. 22, Ex. 4 at 18. The Ohio Eighth Circuit Court of Appeals dismissed the appeal, *sua sponte*, on January 23, 2009 "for failure to file the record." ECF No. 22, Ex. 2. On January 29, 2009, Petitioner, acting *pro se*, filed a motion for reconsideration that the appellate court subsequently denied on February 4, 2009. ECF No. 22, Ex. 3.

No further state court remedy for the claims contained in Petitioner's state petition for post-conviction relief is available. Because the appellate court dismissed the appeal for failure to file the record with his appeal and further, denied reconsideration, Petitioner failed fairly to raise his claim in the state appellate court. Under Ohio law, a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below. State v. Jester, 32 Ohio St.3d 147, 154, 512 N.E.2d 962 (1987). It is therefore unlikely that the Ohio Supreme Court would reach the merits of a claim that was not properly raised in the underlying appellate proceeding because of a procedural default. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."); see also Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996) (applying the presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar").

Petitioner has no remaining state remedies regarding claim Nos. 2, 3, 5, 6, and 11 of Ground Three because he did not comply with the relevant state procedural rules. It makes no sense to insist that Petitioner return to the state courts in a futile effort to seek remedies that state law procedurally withholds. See Turner v. Bagley, 401 F.3d 718, 724 (6th Cir. 2005). In such a case, the Petitioner's remedies are exhausted. Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Rust v. Zent, 17 F.3d at 160. Accordingly, the remaining claims in Ground Three of Petitioner's petition for habeas relief before this Court are no longer unexhausted and thus, render his motion to stay and hold the petition in abeyance moot.

Accordingly, the Court denies as moot, Petitioner's Motion for Stay and Abeyance.

### III. Conclusion

For the reasons provided above, the Court grants Petitioner's motions to amend/supplement the record and extend the record, ECF No. 19, and denies as moot, Petitioner's motion to stay and hold his Petition in abeyance, ECF No. 4.

The Court will provide a copy of this Order, via U.S. mail, to Michael S. Smith, Petitioner. A copy of this Order will also be sent to the Warden, via U.S. mail.

    IT IS SO ORDERED.

| | |
|---|---|
| March 2, 2009 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |