PEARSON, MJ.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL S. SMITH | ) | CASE NO. 1:08CV1010 |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | JUDGE POLSTER |
|  | ) |  |
| v. | ) | MAGISTRATE JUDGE PEARSON |
|  | ) |  |
| STUART HUDSON, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |


## I.  Introduction

Petitioner Michael S. Smith ("Smith" or "Petitioner") is incarcerated at the Mansfield

Correctional Institution having been convicted of felonious assault.[1]  Smith seeks a writ of

habeas corpus pursuant to Title 28 U.S.C. § 2254.  ECF No. 1.  Smith raises four grounds for

relief alleging trial court error and that he was denied effective assistance of trial and appellate

counsel.  ECF No. 1.  Warden Hudson ("Respondent") admits having custody of Smith and seeks

to have Smith's petition dismissed as procedurally defaulted and lacking merit.  ECF No. 10.

Smith maintains that his claims have merit, but did not address Respondent's argument that

Grounds One through Three are procedurally defaulted; nor did he address Ground Four in his

response to Respondent's Return of Writ.  ECF No. 20.

---

[1]  *See* http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation
and Correction for current status of and basis for Smith's incarceration).

(1:08CV1010)

For the reasons that follow, the undersigned Magistrate Judge recommends that Grounds One through Three and part of Ground Four of Smith's petition for a writ habeas corpus be dismissed as procedurally defaulted.  The remaining parts of Ground Four should be denied and dismissed on the merits.

## II.  Factual and Procedural History

### A.  Underlying Offenses and Sentencing

The Cuyahoga County Court of Appeals, Eighth Appellate District ("State Court of Appeals"), found the facts of the underlying offenses and trial to be as follows[2]:

> In these consolidated cases, defendant Michael Smith appeals from the trial court's denial of his motion to withdraw his guilty plea to attempted aggravated burglary and attempted felonious assault, and also appeals from his conviction for felonious assault.  For the reasons set forth below, we affirm defendant's convictions but reverse and remand for resentencing in both cases.
>
> On June 28, 2005, defendant was indicted in Case No. 467634 for aggravated burglary and felonious assault in connection with the June 8, 2005 attack on Stephen Paulo.  He pled not guilty but later entered into a plea agreement with the state whereby he pled guilty to reduced charges of attempted aggravated burglary and attempted felonious assault.  Prior to sentencing, defendant moved to disqualify his counsel and to withdraw his guilty pleas.  Following a hearing, the trial court denied both motions.  Defendant was later sentenced to six years of imprisonment plus three years of post release control.
>
> On August 15, 2005, defendant was indicted in Case No. 469626 for felonious assault and co-defendant Leslie Shiflett was indicted for obstructing justice in connection with the March 24, 2005 attack on Yasser Jawhari at a convenience store.  Shiflett subsequently pled guilty to a reduced charge of attempted obstruction of justice and agreed to testify against defendant.  The matter as to defendant proceeded to trial to the court on October 25, 2005.

---

[2]  Facts found by the State appeals court on its review of the trial record are presumed correct by a federal court reviewing a petition for a writ of habeas corpus. *Brumley v. Wingard, 269 F.3d 629, 637 (6th Cir. 2001)*.

(1:08CV1010)

. . . .

Defendant testified that Jawhari chased Shiflett out of the store and swung [a] broom at her.  He punched Jawhari and the two began to wrestle.  He testified that he is protective of Shiflett because she has a mental disability and she was pregnant with his child.  He viewed the surveillance video but he did not recall repeatedly striking Jawhari as he lay on the ground.

The trial court subsequently convicted defendant of felonious assault and sentenced him to a term of seven years of imprisonment, to run concurrent to his sentence in Case No. 467634.

ECF No. 10, Ex. 10 at 88-89, 92.[3]  The Clerk of Court journalized Smith's sentence on November 3, 2005.  ECF No. 10, Ex. 4 at 4.

**B.  Direct Appeal**

On November 23, 2005, Smith filed a timely notice of appeal to the State Court of Appeals.  ECF No. 10, Ex. 5 at 5.  The State Court of Appeals *sua sponte* dismissed the appeal for "failure to file the record" on March 17, 2006.  ECF No. 10, Ex. 6.  Subsequently, on May 1, 2006, the State Court of Appeals vacated its previous entry dismissing Smith's appeal, reinstated the appeal and appointed new counsel to represent him.  ECF No. 10, Ex. 7.  Smith, through counsel, filed his brief and presented the following three assignments of error[4]:

ASSIGNMENT OF ERROR NUMBER 1: Michael Smith's convictions were was based on insufficient evidence and against the manifest weight of the evidence; there

---

[3]  Smith filed an unrelated petition for a writ of habeas corpus in the Northern District of Ohio that is pending before District Court Judge Polster.  *See* Case No. 1:08CV1141.  That petition pertains to Cuyahoga County Case No. CR 467634 to which Smith pleaded guilty and received a sentence of six years imprisonment that runs concurrent to his sentence of seven years that relates to the petition pending before this Court.

[4]  Respondent neglected to include error number one in his Return of Writ.  *See* ECF No. 10 at 2.  The assignments of error are presented exactly as written in Petitioner's brief.

-3-

(1:08CV1010)

> is no proof of serious physical harm

> Assignment of Error No. 2:  Based on *State v. Foster*, Michael Smith is entitled to be re-sentenced under the current interpretations of Ohio's sentencing laws

> Assignment of Error No. 3: *Blakely v. Washington* dictates that the only allowable sentence is the minimum (i.e., two (2) years)

ECF No. 10, Ex. 8 at 24.  On December 11, 2006, the State Court of Appeals affirmed Smith's convictions and vacated and remanded Smith's sentence for re-sentencing pursuant to *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).[5]  ECF No. 10, Ex. 10 at 99.

On January 8, 2007, Smith, acting pro se, filed a timely notice of appeal from the state appellate court judgment.  ECF No. 10, Ex. 11.  Smith argued as follows:

> [T]he serious physical harm prong was never proven beyond a reasonable doubt.  The testimony by the victim conflicts with the medical report . . . .  Appellate counsel pursuant to CR.R. 26(B) [sic] was inaffective [sic] by not raising trial counsel's ineffectiveness, false testimony was allowed and used in court and not arguing against the manifest weight of the evidence only and not raising the issue of Agg. Assault [sic] as directed by the defendant.

ECF No. 10, Ex. 12 at 105.  The Supreme Court of Ohio denied leave to appeal and dismissed the appeal on March 28, 2007, "as not involving any substantial constitutional question."  ECF

---

[5]  The trial court re-sentenced Smith on February 13, 2007, to the same sentence of seven years to run concurrent with Case No. CR 467634.  ECF No. 10, Ex. 24.  The Ohio Supreme Court's *Foster* ruling determined that sentencing statutes that provided for judicial fact-finding violated a defendant's right to a jury trial according to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).  In *Foster*, the Ohio Supreme Court severed parts of Ohio's sentencing statutes, including R.C. 2929.14(B)(2) that required judicial fact-finding before a trial court could impose more than a minimum term of imprisonment.  After *Foster*, trial courts possess full discretion to impose a sentence within the statutory range and are not required to make findings or state reasons for imposing maximum, consecutive, or more-than-the-minimum sentences.  Thus, *Foster* required a remand for re-sentencing for prisoners who were sentenced according to the pre-*Foster* sentencing statutes.

(1:08CV1010)

No. 10, Ex. 14.  Smith did not appeal this decision to the United States Supreme Court, the court of last resort.

### C.  Application to Reopen Appeal Pursuant to Rule 26(B)

Four days prior to filing his appeal to the Supreme Court of Ohio, Smith, again *pro se*, filed a timely application to reopen his appeal on January 4, 2007.  ECF No. 10, Ex. 15 at 110. Smith alleged the following assignments of error: 1) Appellate counsel did not follow Smith's instructions "to only challenge the manifest weight of evidence"; 2) Appellate counsel did not raise on appeal trial counsel's ineffectiveness of assistance; 3) Appellate counsel did not "raise the issue that the court allowed and/or used false testimony on convicting the defendant"; and 4) Appellate counsel did not argue trial counsel's ineffectiveness for not showing him the evidence against him.[6]  ECF No. 10, Ex. 15 at 112-14.  On April 20, 2007, the State Court of Appeals declined to reopen Smith's appeal finding "that the doctrine of *res judicata* prevents this court from reopening Smith's appeal" and that his "brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel."  ECF No. 10, Ex. 17 at 134-35.  Smith did not appeal this denial to the Supreme Court of Ohio.

### D.  Post-conviction Petition

On June 2, 2006, Smith filed a *pro se* Petition to Vacate or Set Aside Sentence asserting ineffective assistance of trial counsel alleging several errors.  ECF No. 10, Ex. 18.  On February 13, 2007, the state trial court denied Smith's motion for post-conviction relief, ECF No. 10, Ex.

---

[6]  Smith asserted a fifth assignment of error regarding his other state conviction and appeal that is not relevant to the petition before this Court, but relates to the petition pending before Judge Polster (Case No. 1:08CV1141).

(1:08CV1010)

23, but did not issue Finding of Facts and Conclusions of Law as to allow Smith to file an appeal

of a final decision until October 7, 2008.  ECF No. 22, Ex. 4 at 18.  As a result, Smith, acting *pro*

*se*, filed a notice of appeal on November 14, 2008.  ECF No. 22, Ex. 4 at 18.  The State Court of

Appeals dismissed the appeal, *sua sponte*, on January 23, 2009 "for failure to file the record."

ECF No. 22, Ex. 2.  On January 29, 2009, Smith, again *pro se*, filed a motion for reconsideration

that the State Court of Appeals subsequently denied on February 4, 2009.  ECF No. 22, Ex. 3.[7]

Smith did not appeal this denial to the Supreme Court of Ohio.

### E.  Federal Habeas Petition

Continuing *pro se*, Smith filed the present petition for federal habeas corpus relief on

April 18, 2008, asserting four grounds for relief:

GROUND ONE:  Trial court in error and of [sic] abuse of discretion allowed False [sic] testimony at trial and did not give defendant a fair trial.

GROUND TWO:  Trial court in error with held [sic] exculptory [sic] evidence from defendant.

GROUND THREE: Ineffective Assistance of Trial Counsel [includes eleven separate claims].

GROUND FOUR:  Ineffective Assistance of Appellant [sic] Counsel [includes four separate claims].

ECF No. 1 at 5-10.

On May 12, 2008, Smith filed a motion to stay and hold in abeyance his petition for writ

---

[7]  The Court, in its diligent review of the instant case, notes that Smith filed another appeal of his post-conviction denial on February 9, 2009 that the State Court of Appeals, *sua sponte*, denied on April 6, 2009, "for failure to file a timely notice of appeal" pursuant to APP. R. 4(A).  *See* docket Case No. CA-09-092782 at http://cpdocket.cp.cuyahogacounty.us/TOS.aspx.

(1:08CV1010)

of habeas corpus in order to exhaust his claims in Ground Three.  ECF No. 4.  On August 7,

2008, Respondent filed his Return of Writ and Response to the Motion for Stay and Abeyance.

ECF Nos. 10, 11, respectively.  Respondent argues in his Return of Writ that Grounds One

through Three and part of Ground Four are procedurally defaulted and the remaining claims of

Ground Four lack merit.  ECF No. 10.

On November 4, 2008, this Court ordered Smith to respond to the return of Writ in the

form of a Traverse and to provide his offered support for his Motion for Stay and Abeyance by

December 1, 2008.  ECF No. 12.  Smith complied by filing a response to the Return of Writ on

December 5, 2008.  ECF No. 20.  On the same date, Smith also filed a Motion to

Amend/Supplement the Record and a Motion to Extend the Record.  ECF No. 19.  In his Motion

to Amend/Supplement the Record, ECF No. 19, Smith requested to withdraw claim Nos. 1, 4, 7,

8, 9, and 10 of Ground Three, which (as originally filed) consisted of a total of eleven claims.

*See* ECF No. 1 at 8.  Regarding his Motion to Extend the Record, Smith submitted alleged

correspondence (totaling seven letters) between Smith and his appellate counsel.  On March 2,

2009, this Court granted Smith's motions to amend/supplement the record and to extend the

record, and denied as moot his motion to stay and hold his petition in abeyance.  ECF No. 23.

Based upon the following analysis, the undersigned Magistrate Judge recommends that

the Court deny the relief sought in Smith's petition as once amended.

### III.  Procedural Gateways to Review

To permit federal judicial resources to focus on only the most compelling cases, a

petitioner must successfully pass through several procedural gateways to qualify for federal

(1:08CV1010)

review.  Those gateways and their application to the instant petition are provided below.

### A.  **Jurisdiction**

Writs of habeas corpus may be granted by a district court within its respective

jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d).

Smith was convicted in the Court of Common Pleas, Cuyahoga County, Ohio within the

Northern District of Ohio.  The Court, therefore, has jurisdiction over Smith's petition.

### B.  **Evidentiary Hearing**

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances

when the factual basis of a claim has not been adequately developed in state court proceedings.

28 U.S.C. § 2254(e)(2).

There is no need for an evidentiary hearing in the instant case.  Smith's claims involve

legal issues which can be resolved without additional factual inquiry.

### C.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of

limitations for filing a petition for a writ of federal habeas corpus is one year, and it begins to run

on the date judgment became final.  28 U.S.C. § 2244(d)(1).

Given that Respondent concedes that Smith's petition is not barred by the AEDPA one-

-8-

(1:08CV1010)

year statute of limitations and also based upon the Court's independent review, the Court finds that Smith's petition is not barred by the AEDPA one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1).

### D.  Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all available state remedies or have no remaining state remedies available before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) & (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, then the petitioner has not exhausted all of his state remedies.  *Rust v. Zent*, 17 F3d 155, 160 (6th Cir. 1994).  If relief is no longer available in state court, however, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *see also Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

For purposes of review in this federal habeas proceeding, Smith's grounds for relief are exhausted.

### E.  Non-cognizability

State prisoners are entitled to federal habeas corpus relief only when they are in custody

(1:08CV1010)

due to violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). As such, claims for relief based on violations of state law are non-cognizable in a federal habeas proceeding, *i.e.*, a federal court cannot review claims of state law violations presented in a petition for habeas corpus relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

For purposes of review in this federal habeas proceeding, Smith's grounds for relief are cognizable.

### F.  Procedural Default

Procedural default occurs when a petitioner fails to present his constitutional claims fairly to the highest state court in a federal constitutional context. *Anderson*, 459 U.S. 4 (1982); *Picard*, 404 U.S. 270 (1971). Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v Thompson*, 501 U.S. 722, 750 (1991).

As explained below in detail, Grounds One through Three and part of Ground Four of Smith's petition for habeas corpus relief are procedurally defaulted. The remaining claims of Ground Four lack merit. Thus, Smith's petition for a writ of habeas corpus should be denied and dismissed in its entirety.

-10-

(1:08CV1010)

## VI.  <u>Analysis</u>

### A.  <u>Procedural Default</u>

Two types of procedural failures exist that may preclude federal review of claims in a habeas corpus petition.  The first type occurs when a petitioner fails to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999).  If state law no longer allows the petitioner to raise the claim at the time the federal habeas petition is filed, then the claim is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  This first type of procedural default is often confused with exhaustion.  Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n.28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id.*  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.*  Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

The second type is when a petitioner fails to comply with an "independent and adequate" state procedural rule on which the state court judgement is based. *Coleman*, 501 U.S. at 732; *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A claim is procedurally defaulted when the state courts reject a direct or post-conviction appeal because the defendant failed to comply with

(1:08CV1010)

the state procedural rule.  The Sixth Circuit uses a four-step analysis to determine whether a petitioner's failure to observe a state procedural rule results in the procedural default of a habeas claim.  *Maupin*, 785 F.2d at 138.  Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice."  *Id.* at 138-39; *see also Wainwright v. Sykes*, 433 U.S. 72 (1977).

A petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Ineffective assistance of counsel can be cause for a procedural default.  *Murray*, 477 U.S. at 488.  However, the exhaustion doctrine "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  *Id.* at 489.  Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error."  *Id.*  However, it is not necessary to resolve the issue of prejudice if a petitioner has not shown cause.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir.1983).

Finally, in order to prevent a "manifest injustice," a petitioner's procedural default may

-12-

(1:08CV1010)

also be excused where a petitioner claims actual innocence.  *See Coleman, 501 U.S. at 749-50.*

"To be credible, such a claim requires petitioner to support his allegations of constitutional error

with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v.

Delo, 513 U.S. 298, 324 (1995).*

### 1.  **Ground One**

Smith alleges in Ground One of his petition that the trial court erred by allowing false

testimony that deprived him of a fair trial.  ECF No. 1 at 5.  Smith did not present this claim to

either the State Court of Appeals or the Supreme Court of Ohio on direct appeal.[8]  Ohio law

provides that an appellant must raise his claims on appeal at the first opportunity to do so.  *See

Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001); see also State v. Broom, 40 Ohio St.3d 277,

288-89, 533 N.E.2d 682 (1988)* (noting that in Ohio, the failure to present a claim to either the

State Court of Appeals or to the Supreme Court of Ohio constitutes a waiver of the claim).  This

court must assume that Ohio courts would follow their own procedural rules and bar this claim

on the basis of *res judicata*.  *See also Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996)*

(applying the presumption that the state court "would not have ignored its own procedural rules

and would have enforced the procedural bar").  The assertion of *res judicata* to bar claims not

raised at the earliest opportunity is an adequate and independent ground upon which Ohio may

rely to foreclose habeas review.  *See Jacobs, 265 F.3d at 417.*  Accordingly, the first three

---

[8]  In his direct appeal to the Supreme Court of Ohio, Smith argued that his appellate counsel was ineffective for not asserting his trial *counsel's* ineffectiveness for not arguing against the alleged false testimony, not the trial *court* as stated in Ground One.

-13-

(1:08CV1010)

*Maupin* criteria for determining that procedural default has occurred are met as Smith has failed to comply with the State court's procedural rules; the State court would actually enforce those rules if they had been given the opportunity to do so; and the waiver doctrine and *res judicata* constitute an adequate and independent state ground upon which the State court can foreclose relief.

Nonetheless, in order for the Court to overlook the procedural default of Ground One, Smith must establish the fourth element of *Maupin*, "cause" and "prejudice." In his petition, Smith explained that his appellate counsel caused the failure to raise the issue in Ground One on direct appeal. ECF No. 1 at 6. Providing Smith the benefit of the doubt, he did raise the claim in Ground One of his petition in his Rule 26(B) motion to reopen his direct appeal. *See* ECF No. 10, Ex. 15 at 112-14. As a matter of course, Smith presented this claim premised upon the ineffectiveness of his appellate counsel. The Court, however, does not need to consider the merits of any claim underlying the argument regarding his appellate counsel's ineffectiveness, if the ineffectiveness issue was not properly raised in the state courts. While ineffective assistance of counsel may constitute cause, it may only do so if the ineffective assistance claim itself is not procedurally defaulted. *See Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir. 2007).

As discussed above in Section II, subpart C, the State Court of Appeals declined to reopen Smith's direct appeal pursuant to Rule 26(B) finding *res judicata* prevented it from doing so. *See Jacobs*, 265 F.3d at 417 (noting *res judicata* is an adequate and independent ground upon which Ohio may rely to foreclose habeas review). Morever, Smith did not appeal this denial decision to the Supreme Court of Ohio. *See O'Sullivan*, 526 U.S. at 847 (noting that a procedural

-14-

(1:08CV1010)

bar occurs when a petitioner fails to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures").  Absent a showing of cause and a claim of actual innocence, Smith's ineffective assistance of appellate counsel claim is procedurally defaulted and thus may not excuse the procedural default of Smith's underlying claim (Ground One).

Because Smith cannot demonstrate cause for his procedural default and does not assert actual innocence, Ground One should be dismissed as procedurally defaulted.

### 2.  **Ground Two**

Smith alleges in Ground Two that the trial court erred by withholding exculpatory evidence (video surveillance tape and photographs) from him.  ECF No. 1 at 7.  Smith did not present this claim to either the State Court of Appeals or the Supreme Court of Ohio on direct appeal.  In his petition and similar to Ground One, Smith explained that his appellate counsel caused the failure to raise this issue on direct appeal.  ECF No. 1 at 7.  Unlike Ground One, however, Smith did not raise this claim in his Rule 26(B) motion.[9]  Nor did Smith assert this claim in his post-conviction petition.

Accordingly and for the reasons stated in the preceding section, Ground Two should be dismissed as procedurally defaulted.

---

[9]  Even if Smith had raised this issue in his Rule 26(B) motion, the State Court of Appeals would have denied this claim because a Rule 26(B) motion to reopen cannot be used to raise alleged trial errors that are unrelated to the effectiveness of appellate counsel.  *See State v. Carroll*, 74 Ohio St.3d 229, 230, 658 N.E.2d 269, 270 (1996).  Nevertheless, in his Rule 26(B) motion, Smith argued that his trial *counsel* committed errors, including not showing him the video tape and photographs, not the trial *court* as stated in Ground Two.  ECF No. 10, Ex. 15 at 112-14.

(1:08CV1010)

### 3.  **Ground Three**

Smith alleges eleven separate claims of ineffective assistance of trial counsel in Ground Three of which only claim Nos. 2, 3, 5, 6, and 11 remain because the Court granted Smith's motion to amend his petition by withdrawing claim Nos. 1, 4, 7, 8, 9, and 10.  *See* ECF No. 23. Smith asserted these claims in his post-conviction petition that the trial court denied.  ECF No. 10, Ex. 18.  The State Court of Appeals dismissed the appeal of the trial court's denial, *sua sponte*, "for failure to file the record."  ECF No. 22, Ex. 2.  Smith filed a motion for reconsideration that the State Court of Appeals subsequently denied.  ECF No. 22, Ex. 3.  Smith did not appeal this denial to the Supreme Court of Ohio.

Because the appellate court dismissed the appeal, *sua sponte*, for failure to file the record with his appeal and further, denied reconsideration, Smith failed fairly to raise his claim in the state appellate court.  Under Ohio law, a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below.  *State v. Jester, 32 Ohio St.3d 147, 154, 512 N.E.2d 962 (1987)*.  It is therefore unlikely that the Ohio Supreme Court would reach the merits of a claim that was not properly raised in the underlying appellate proceeding because of a procedural default.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."); *see also Simpson*, 94 F.3d at 203 (applying the presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar").

(1:08CV1010)

Morever, Smith did not timely appeal this denial decision to the Supreme Court of Ohio.  *See* *O'Sullivan*, 526 U.S. at 847 (noting that a procedural bar occurs when a petitioner fails to raise a claim in state court and pursue that claim through the state's "ordinary appellate review procedures").  Absent a showing of cause and a claim of actual innocence — neither of which has Smith asserted or demonstrated — Smith's claims in Ground Three are procedurally defaulted.

Because Smith failed fairly to raise the claims in Ground Three in his post-conviction petition to the State Court of Appeals and did not appeal that denial to the Supreme Court of Ohio, Smith's claims in Ground Three (as amended) should be dismissed as procedurally defaulted.  *See* *State v. Broom*, 40 Ohio St.3d at 288-89 (noting that in Ohio, the failure to present a claim to either the State Court of Appeals or to the Supreme Court of Ohio constitutes a waiver of the claim).

### 4.  Ground Four

Smith alleges four separate claims of ineffective assistance of appellate counsel in Ground Four of his petition as follows[10]:

> 1)  Appellant Counsel refused to raise trial counsel's ineffectiveness on Appeal as requested by the defendant.
>
> 2)  Appellant counsel refused to raise the issue that Trial court allowed false testimony at trial
>
> 3)  Appellant counsel refused to raise that Trial court with held exculptory evidence during trial.

---

[10]  Each claim below is presented exactly as written by Petitioner.

-17-

(1:08CV1010)

    4)  Appellant counsel ignored defendants request to only raise manifest weight of evidence on appeal and not raise insufficient evidence.

ECF No. 1 at 10.  Claim Nos. 2 & 3 are procedurally defaulted while claim Nos. 1 & 4 are not.

Accordingly, the Court will discuss claim Nos. 1 & 4 in the merit analysis below.

    Smith raised claim No. 2 in his Rule 26(B) motion and is essentially the same claim made in Ground One of his petition before this Court.  Therefore, claim No. 2 of Ground Four is procedurally defaulted for the same reasons the Court determined that Ground One is procedurally defaulted.  Similarly, claim No. 3 is the same claim Smith raised in Ground Two of his petition before this Court.  Accordingly, claim No. 3 is procedurally defaulted for the same reasons the Court determined above that Ground Two is procedurally defaulted.

    Given that Smith has failed to establish "cause" or to raise an actual innocence claim to excuse his procedural default, the undersigned Magistrate Judge recommends that Grounds One through Three and part of Ground Four should be denied and dismissed as procedurally defaulted.  Furthermore, the remaining claims of Ground Four should be denied on the merits for the reasons explained below.

## B.  <u>Standard of Review on the Merits</u>

    If a petitioner's claims overcome the procedural barriers of time limitation, exhaustion, cognizability, and procedural default, then AEDPA governs the Court's review of a habeas corpus petition.  The Antiterrorism and Effective Death Penalty Act of 1996 altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

    An application for writ of habeas corpus on behalf of a person in custody pursuant

(1:08CV1010)

> to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-413 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a similar question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. A

-19-

(1:08CV1010)

decision involves an unreasonable application of federal law only if the deciding court correctly

identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.

*Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).  If a court fails to identify the correct

legal principal at issue, the "unreasonable application of" clause does not apply.  *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be

correct."  28 U.S.C. § 2254(e)(1).  The petitioner, however, may rebut "the presumption of

correctness by clear and convincing evidence."  *Id.*

### 1.  **Ground Four Claim No. 1**

To establish ineffective assistance of counsel, it must be shown that counsel's

performance was deficient <u>and</u> that the deficient performance prejudiced the defense so as to

render the trial unfair and the result unreliable.  *Strickland v. Washington*, 466 U.S. 668, 687

(1984); Bigelow v. Williams, 367 F.3d 562, 570 (6th Cir. 2004); *Mallett v. United States*, 334

F.3d 491, 497 (6th Cir. 2003).  Appellate counsel's performance is also evaluated in accordance

with the two-prong Strickland standard.  *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir.2004).

Appellate counsel "need not advance every argument, regardless of merit, urged by the

appellant."  *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).  Appellate counsel has no constitutional

duty to raise every non-frivolous issue requested by defendant.  *Jones v. Barnes*, 463 U.S. 745,

751 (1983).  To demonstrate that an appellate attorney has rendered deficient performance under

Strickland, "the petitioner must demonstrate that the issue not presented 'was clearly stronger

than issues that counsel did present.'"  *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir.2003)

(*quoting* Smith v. Robbins, 528 U.S. 259, 289 (2002)).

-20-

(1:08CV1010)

In this claim, Smith argues that his appellate counsel was ineffective for not raising his *trial* counsel's ineffectiveness.  ECF No. 1 at 10.  Smith has not, however, provided the Court with any evidence of trial counsel's deficient performance.  In his memorandum to the Supreme Court of Ohio arguing appellate counsel's ineffectiveness, Smith addressed solely *trial counsel's* alleged errors and did not argue that *appellate counsel's* performance was deficient.  *See* ECF No. 10, Ex. 11 at 106.  Additionally, Smith did not address Ground Four in his Traverse.  Thus, Smith provides no basis to the Court in which to evaluate his claim of ineffective assistance of appellate counsel.  Conclusory allegations without evidentiary support do not provide a basis for habeas relief.  *See Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).

Because Smith has not provided evidence supporting the deficient performance prong of *Strickland*, claim No. 1 of Ground Four is without merit and should be denied.  *See Strickland*, 466 U.S. at 697; *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004) (noting that courts are not required to conduct an analysis under both prongs upon the disposition of one).

## 2.  Ground Four Claim No. 4

Here, Smith argues that his appellate counsel should have raised only the manifest weight of the evidence defense and not the insufficiency of the evidence defense.  ECF No. 1 at 10.  To demonstrate that an appellate attorney has rendered deficient performance under *Strickland*, "the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'"  *Caver*, 349 F.3d at 348 (*quoting Smith v. Robbins*, 528 U.S. 259, 289 (2002)) (Emphasis added).  Smith's argument is that his appellate counsel *should not have raised* the issue of insufficient evidence.  Consequently, there is no issue that an issue was "not

(1:08CV1010)

presented" by appellate counsel.  More importantly, Smith provides no reasons why appellate

counsel's raising of this issue rendered appellate counsel's performance deficient or prejudiced

the defense so as to render the trial unfair and the result unreliable.  Smith is after-the-fact-

questioning the strategy of his appellate counsel.  Even though it is said that a Monday morning

quarterback makes all the correct decisions, similar to claim No. 1 above, Smith provides no

basis to the Court to determine that appellate counsel was ineffective.

Because Smith has not established either prong of *Strickland*, claim No. 4 of Ground Four

is without merit and should be denied.

### VII.   Conclusion and Recommendation

For the foregoing reasons, the undersigned Magistrate Judge finds that Grounds One

through Three and the identified parts of Ground Four are procedurally defaulted and that Smith

has failed to establish cause and prejudice or a claim of actual innocence to warrant excusing his

procedural defaults.  The undersigned also finds that the remaining claims in Ground Four lack

merit.

Accordingly, the undersigned recommends denying the petition of Michael S. Smith for a

writ of habeas corpus filed pursuant to 28 U.S. C. § 2254 as once amended in its entirety without

further proceedings and with prejudice.


   August 27, 2009                                    s/ *Benita Y. Pearson*
Date                                                United States Magistrate Judge

-22-

(1:08CV1010)

## **OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).