UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL S. SMITH,** | ) Case No. 1:08cv1010 |
| | ) Case No. 1:08cv1141 |
| Petitioner, | ) |
| | ) **JUDGE DAN AARON POLSTER** |
| vs. | ) |
| | ) **MEMORANDUM OF OPINION** |
| **STUART HUDSON, Warden,** | ) **AND ORDER** |
| | ) |
| Respondent. | ) |

Before the Court are the Reports and Recommended Decisions ("R & R's") of Magistrate Judges William H. Baughman, Jr. (*ECF No. 21*, Case No. 1:08cv1141) and Benita Y. Pearson (*ECF No. 24*, Case No. 1:08cv1010), issued on August 27, 2009, in the above captioned matters. Magistrate Judge Baughman recommends the Court dismiss with prejudice the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Michael S. Smith in Case No. 1:08cv1141; Magistrate Judge Pearson recommends the Court dismiss with prejudice the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (collectively with the other petition, "habeas petitions") filed by Petitioner in Case No. 1:08cv1010. For the following reasons the Court hereby **ADOPTS** both R & R's.

-1-

**I.**[1]

Petitioner's habeas petitions arise out of separate cases in the Cuyahoga County Court of Common Pleas. The habeas petition before Magistrate Judge Baughman originates from Case No. CR 467634, an indictment for aggravated burglary and felonious assault stemming from an incident occurring on June 8, 2005. *State v. Smith*, Nos. 87255 & 87366, 2006 WL 3446219, at *1 (Ohio Ct. App. Nov. 30, 2006). Petitioner pled guilty to reduced charges of attempted aggravated burglary and attempted felonious assault but prior to sentencing moved to disqualify his counsel and withdraw his guilty pleas. *Id*. The trial court denied both motions on October 13, 2005, and on October 28, 2005, sentenced Petitioner to six years of imprisonment to be served concurrently with his sentence from Case No. CR 469626, discussed *infra*, plus three years of post-release control. *Id*.

Petitioner then filed a *pro se* notice of appeal that was dismissed by the Court of Appeals because it did not include a copy of the record. *ECF No. 10-2 at 12-20*. After Petitioner moved for appointment of counsel the Court of Appeals reinstated the appeal. *Id*. at 27. Petitioner raised three assignments of error in his appeal: 1) the refusal to grant Petitioner's motion to withdraw his guilty plea was an abuse of discretion and reversible error; 2) Petitioner was entitled to be re-sentenced under *State v. Foster*; and 3) under *Blakely v. Washington* Petitioner should have received the minimum sentence. *Id*. at 31. On December 11, 2006, the Court of Appeals affirmed Petitioner's conviction but remanded the case for re-sentencing pursuant to *Foster*. *Id*. at 129-32. Petitioner was re-sentenced on February 13, 2007, to the original sentence of six years running concurrently with his sentence in Case No. CR 469626,

---

[1]ECF citations in this section correspond to Case No. 1:08cv1141.

and three years of post-release control. *ECF No. 10-5* at 305-06.

Prior to re-sentencing, Petitioner filed a notice of appeal with the Supreme Court of Ohio, arguing that he was improperly sentenced and that appellate counsel was ineffective for failing to argue both that the trial court erred in denying the motion to withdraw the guilty plea and that trial counsel should have challenged the plea agreement. *ECF No. 10-2* at 142. The Supreme Court of Ohio denied leave to appeal on March 28, 2007, for not involving any substantial constitutional question. *Id*. at 162.

While the direct appeal was pending before the Supreme Court of Ohio, Petitioner filed an Ohio Rule of Appellate Procedure 26(B) application to reopen his appeal. *ECF No. 10-3* at 168. Petitioner argued that being sentenced for attempted aggravated burglary and attempted felonious assault violated due process and double jeopardy because both charges are allied offenses. *Id*. On April 20, 2007, the Court of Appeals denied the motion to reopen on *res judicata* grounds and for lacking merit. *Id*. at 190. Petitioner did not appeal the denial of his application to reopen to the Supreme Court of Ohio. *See ECF No. 8* at 4.

Additionally, on May 18, 2006, Petitioner filed a motion to vacate or set aside his sentence in the trial court, arguing that he was denied effective assistance of counsel. *ECF No. 10-3* at 191-204. The trial court denied the motion on November 17, 2006, without making any findings of fact and conclusions of law. *ECF No. 10-4* at 284. Petitioner appealed the trial court's decision but the Court of Appeals dismissed his appeal because the trial court had not entered findings of fact and conclusions of law.[2] *Id*. at 301-03.

---

[2] As noted in Magistrate Judge Baughman's R & R, after the Supreme Court of Ohio's decision, Petitioner received findings of fact and conclusions of law from the trial court. *ECF No. 21* at 10. Petitioner attempted to re-file his appeal but his notice of appeal was dismissed as

Petitioner filed the instant habeas petition on April 18, 2008, asserting: 1) the trial court abused its discretion by denying Petitioner's motion to withdraw guilty plea before sentencing; 2) the trial court"in error sentenced [Petitioner] wrongfully [because] the [i]ndicted charges and negotiated plea charges are allied offenses of similar import"; 3) trial counsel was ineffective; and 4) appellate counsel was ineffective.  *ECF No. 1* at 5-10.  Respondent filed its return of writ on September 5, 2008.  *ECF No. 9*.  Petitioner filed his traverse on December 3, 2008.  *ECF No. 15*.

## II.[3]

The habeas petition before Magistrate Judge Pearson arises out of Case No. CR 469626, an indictment for felonious assault occurring on March 24, 2005, for which Petitioner was convicted by a jury.  *ECF No. 10-10* at 88-92.  On November 3, 2005, Petitioner was sentenced to a term of seven years imprisonment to run concurrently with his sentence for attempted aggravated burglary and attempted felonious assault, discussed *supra*.  *Id*.

Petitioner filed a timely notice of appeal to the Court of Appeals on November 23, 2005.  *ECF No. 10-5* at 5.  The appeal was initially dismissed on March 17, 2006, for failure to file the record but was reinstated soon after.  *ECF No. 10-7*.  On appeal, Petitioner argued: 1) his convictions were based on insufficient evidence and against the manifest weight of evidence; 2) he was entitled to be re-sentenced under *State v. Foster*; and 3) under *Blakely v. Washington* Petitioner should have received the minimum sentence.  *ECF No. 10-8* at 24.  On December 11, 2006, the Court of Appeals affirmed Petitioner's conviction but remanded the matter to the trial

---

untimely.  *Id*.  Petitioner did not move for reconsideration.  *Id*.

[3]ECF Citations in this section correspond to Case No. 1:08cv1010.

court for re-sentencing pursuant to *Foster*.  *ECF No. 10-10* at 99.  On February 13, 2007, the trial court re-sentenced Petitioner to the same seven year sentence to run concurrently with his attempted aggravated burglary and attempted felonious assault sentence.  *ECF No. 10-24*.

Petitioner filed a timely notice of appeal of the Court of Appeals decision on January 8, 2007, arguing that elements of the crime were not proven beyond a reasonable doubt and that appellate counsel was ineffective for not challenging trial counsel's effectiveness.  *ECF No. 10-12* at 105.  The Supreme Court of Ohio dismissed the appeal on March 28, 2007, for not involving any substantial constitutional question.  *ECF No. 10-14*.

Prior to filing his notice of appeal with the Supreme Court of Ohio, on January 4, 2007, Petitioner applied to the Court of Appeals to re-open his appeal.  *ECF No. 10-15* at 110.  Petitioner argued that: 1) appellate counsel did not follow his instructions to only challenge the manifest weight of evidence; 2) appellate counsel did not raise trial counsel's ineffectiveness; 3) appellate counsel did not raise the issue of false testimony; and 4) appellate counsel did not raise trial counsel's ineffectiveness for not showing Petitioner the evidence presented against him.  *Id.* at 112-14.  The Court of Appeals denied Petitioner's application on *res judicata* grounds and for failing to establish ineffective assistance of counsel.  *ECF No. 10-17* at 134-35.  Petitioner did not appeal this decision to the Supreme Court of Ohio.

On June 2, 2006, Petitioner filed a *pro se* motion to vacate or set aside his sentence based on ineffective assistance of counsel.  *ECF No. 10-18*.  On February 13, 2007, the trial court denied Petitioner's motion but did not issue findings of fact or conclusions of law.  *ECF No. 10-23*; *ECF No. 22-4* at 18.  Petitioner filed a notice of appeal on November 14, 2008 that was dismissed by the Court of Appeals on January 23, 2009, for failure to file the record.

*ECF No. 22-2*. Petitioner filed a motion for reconsideration on January 29, 2009, that was denied by the Court of Appeals on February 4, 2009. *ECF No. 22-3*.

Petitioner filed the instant habeas petition on April 18, 2008 asserting: 1) the trial court erred and abused its discretion in allowing false testimony at trial and did not give Petitioner a fair trial; 2) the trial court erred by withholding exculpatory evidence from Petitioner; 3) trial counsel was ineffective; and 4) appellant counsel was ineffective. *ECF No. 1*. Respondent filed its return of writ on August 7, 2008. *ECF No. 10*. Petitioner filed his traverse on December 5, 2008. *ECF No. 20*.

### III.

On August 27, 2009, Magistrate Judges Baughman and Pearson issued the pending R & R's. Magistrate Judge Baughman recommends that the Court deny in part and dismiss in part the habeas petition in Case No. 1:08cv1141; Magistrate Judge Pearson recommends that the Court dismiss the habeas petition in Case No. 1:08cv1010. Under the relevant statute:

> Within <u>ten days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). The deadline for objecting to the R & R's was September 10, 2009. Nearly two weeks have passed since that deadline and Petitioner has filed neither an objection nor a request for an extension of time to file an objection.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue

covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judges' comprehensive and well-written R & R's and agrees with the Magistrate Judges' conclusions. Accordingly, the Court hereby **ADOPTS** the Reports and Recommended Decisions of Magistrate Judge Baughman (***ECF No. 21***, Case No. 1:08cv1141) and Magistrate Judge Pearson (***ECF No. 24***, Case No. 1:08cv1010). The habeas petition in Case No. 1:08cv1141 is hereby **DISMISSED WITH PREJUDICE**. The habeas petition in Case No. 1:08cv1010 is hereby **DISMISSED WITH PREJUDICE**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     September 23, 2009*
**Dan Aaron Polster**
**United States District Judge**